THE STATE, EX REL. HIBBARD, *v.* HOFFMAN, JUDGE.

(No. 8019—Decided May 31, 1955.)

*Mr. Milton M. Bloom* and *Mr. Bernard J. Gilday, Jr.,* for relator.

*Mr. C. Watson Hover* and *Mr. William J. Schmid,* for respondent.

HILDEBRANT, J.   Relator, in this action in mandamus, originating in this court, alleges that on December 3, 1954, he was indicted for first-degree murder and armed robbery occurring on

January 24, 1948, when he was a minor 15 years of age. Relator prays that the writ be allowed against the respondent as Judge of the Juvenile Court of Hamilton County:

"(1) Requiring him to keep and maintain records of all cases brought before the Juvenile Court of Hamilton County, Ohio, including an appearance docket, a trial docket, a journal, a cash book and an execution docket;

"(2) Requiring him to keep and maintain and complete a record of all of the cases and proceedings involving your relator;

"(3) Requiring him to correct the errors in said partial records kept by said respondent and journalize the orders, judgments and dispositions made in all of the cases and proceedings before the Juvenile Court involving relator herein;

"(4) Requiring him to exhibit to the attorneys assigned by the Court of Common Pleas of Hamilton County, Ohio, to represent the relator herein, all books, records, papers, dockets required by law to be kept by the respondent in all cases and proceedings involving the relator herein.

"Relator further prays for all such other and further relief as is just, equitable and proper."

In paragraph four of the petition relator alleges that on September 6, 1941, January 10, 1942, April 6, 1944, August 17, 1944, November 18, 1944, and April 16, 1945, he was charged with various offenses in the Juvenile Court, and that no record or only partial records of the proceedings there had are in existence. In paragraph five of the petition relator charges that he was arrested on January 25, 1948, charged as a delinquent child with the crimes for which he now stands indicted and placed in the custody of respondent's duly appointed probation officer; and that respondent neglected and failed to keep and maintain proper records thereof.

Juvenile Courts in Ohio have been created by the Legislature and may be described as specialized courts of limited jurisdiction. In exercising the powers and jurisdiction conferred by Sections 2151.01 to 2151.54, inclusive, Revised Code, the Juvenile Court judges and staffs are analogous to the Probate Court, functioning in perhaps the larger percentage of the time as an administrative agency designed to promote the welfare

and well-being of juveniles coming within their jurisdiction as delinquent, neglected, dependent, crippled, or otherwise physically handicapped, and children without proper parental care. In certain official cases, the Juvenile Court Judge functions as a court of record in a judicial capacity and proceeding, and, like any other court, speaks only through its journal.

Statutes pertinent to a decision here are:

Section 2151.08, Revised Code. "In Hamilton County the powers and jurisdiction conferred by Sections 2151.01 to 2151.54, inclusive, of the Revised Code, shall be exercised by the Court of Common Pleas, and every sixth year, one of the Judges of the Court of Common Pleas to be elected at such times shall be elected as a Judge of the Court of Common Pleas, Division of Domestic Relations. All juvenile work arising under such sections, and all divorce and alimony cases shall be assigned to such judge."

Section 2151.12, Revised Code. "Whenever the Courts of Common Pleas, Division of Domestic Relations, exercise the powers and jurisdictions conferred in Sections 2151.01 to 2151.54, inclusive, of the Revised Code, the Clerks of Courts of Common Pleas shall keep the records of such courts. In all other cases the juvenile judge shall be the clerk of his own court.
"* * *"

Section 2151.18, Revised Code. "The Juvenile Court shall maintain records of all official cases brought before it, including an appearance docket, a journal, and a cashbook. The parents of any child affected, if living, or if deceased, the nearest of kin, may inspect such records, either in person or by counsel during the hours in which such court is open.
"* * *"

In prescribing the duties and powers of probation departments within the Juvenile Courts, and their records, Section 2151.14, Revised Code, provides, in part:

"* * * The department shall keep full records of its work, keep accurate and complete accounts of money collected from persons under its supervision, give receipts therefor, and make reports thereon as the judge directs.

"The reports and records of the department shall be considered confidential information and shall not be made public."

It, therefore, appears that if the charges listed by the relator in paragraph four of the petition were referred to the probation department, the record thereof is specifically, by statute, made confidential.

A mere reading of Sections 2151.08 and 2151.12, quoted in part, reveals that the respondent is not the clerk of his own court, charged with keeping the records sought by relator, but rather that that duty is cast by statute upon the Clerk of the Court of Common Pleas of Hamilton County, Ohio.

In view of the foregoing, the writ is denied.

Having concluded to deny the writ, the court finds it unnecessary to pass upon the motion to strike.

*Writ denied.*

Ross, P. J., and MATTHEWS, J., concur.